IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, | ) | |
| Plaintiff, | ) | No. 06-77C |
| | ) | (Judge Wheeler) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegation contained in paragraph 4 that USF&G submitted a certified claim to the Government on or about March 31, 2005, and requested a contracting officer's final decision; the remainder of the allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits.

6. Admits.

7. Admits.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits the allegations contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits.

14. Admits the allegations contained in paragraph 14 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegation contained in paragraph 17 that USF&G issued the payment and performance bonds on the dates and in the amounts indicated; the remainder of the allegations contained in paragraph 17 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. Admits.

19. Admits.

20. Admits the allegation contained in paragraph 20 that, on March 10, 2006, the contracting officer countersigned CCI's letter of March 7, 2006, in which CCI stated that it was voluntarily abandoning the project; denies the remainder of the allegations contained in paragraph 20.

21. Admits the allegation contained in paragraph 21 that USF&G and the Government entered into a takeover agreement on or about April 26, 2000; admits the remainder of the allegations contained in paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 21.

22. Admits the allegation contained in paragraph 22 that USF&G and Alexander Constructors, Inc. entered into a contract on or about April 26, 2000; admits the remainder of the allegations contained in paragraph 22 to the extent supported by the document cited, which is the

best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. Admits.

29. Denies.

30. Denies.

31. Admits the allegation contained in the first sentence of paragraph 31 that neither the bid package nor the construction contract were modified in the manner alleged; denies the remainder of the allegations contained in paragraph 31.

32. Denies.

33. Denies.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. Admits the allegations contained in paragraph 39 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Denies.

41. Admits the allegation contained in paragraph 41 that the Government expressed concerns to Ellerbe Beckett about CCI's ability to satisfactorily complete its work; the remainder of the allegations contained in paragraph 41 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

42. Denies.

43. Denies.

44. Denies the allegations contained in paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45. Denies the allegations contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46. Admits the allegation contained in paragraph 46 that the project was delayed for reasons that were not the responsibility of the Government; denies the allegation contained in paragraph 46 that the Government employed overly rigorous performance criteria; and denies the remainder of the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. Denies the allegations contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Denies.

49. Admits the allegations contained in paragraph 49 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Denies.

51. Denies the allegation contained in paragraph 51 that the construction contract contained design defects; denies the remainder of the allegations contained in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52. Denies.

53. Denies.

54. Admits the allegations contained in paragraph 54 to the extent supported by the construction contract coted, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55. Denies.

56. Denies the allegation contained in paragraph 56 that USF&G and its subcontractors were required to conform ductwork to an incorrectly required rate; denies the remainder of the allegations contained in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57. Admits the allegations contained in paragraph 57 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. Admits the allegations contained in paragraph 58 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Denies.

60. Denies the allegations contained in paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61. Admits the allegation contained in paragraph 61 that testing revealed a gravity flow problem in the piping system; denies the remainder of the allegations contained in paragraph 61.

62. Denies.

63. Admits the allegations contained in paragraph 63 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 63.

64. Admits the allegations contained in paragraph 64 to the extent supported by the construction contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 64.

65. Denies.

66. Denies the allegations contained in paragraph 66 for lack of knowledge or information sufficient to form a belief as to their truth.

67. Admits the allegation contained in paragraph 67 that testing revealed evidence of leakage; denies the remainder of the allegations contained in paragraph 67,

68. Denies.

69. Denies.

70. Admits the allegation contained in paragraph 70 that the parties agreed that slip-lining would address the leakage problem; denies the remainder of the allegations contained in paragraph 70.

71. Admits the allegation contained in paragraph 70 that USF&G and Alexander installed the slip-lining; denies the remainder of the allegations contained in paragraph 71.

72. Admits the allegation contained in paragraph 72 that, at least initially, the slip-lining was sufficient to address the leakage problem; denies the remainder of the allegations contained in paragraph 72.

73. Admits the allegation contained in paragraph 73 that the Government directed re-excavation and replacement due to sedimentation that was discovered after about one year and that could not be addressed by slip-lining; denies the remainder of the allegations contained in paragraph 73.

74. Denies.

75. Denies.

76. Denies.

77. Admits the allegation contained in the first sentence of paragraph 77 that at the time of termination the Government had paid CCI $775,000 for general conditions costs; denies the remainder of the allegations contained in the first sentence of paragraph 77. The allegations contained in the second sentence of paragraph 77 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

78. Denies the allegations contained in paragraph 78 for lack of knowledge or information sufficient to form a belief as to their truth.

79. Denies.

80. Denies the allegations contained in paragraph 80 for lack of knowledge or information sufficient to form a belief as to their truth.

81. Denies.

82. Admits the allegation contained in paragraph 82 that some of the work performed by CCU between November 4, 1999 and February 22, 2000 (the correct date of the notice

referenced in paragraph 81) needed to be performed again; denies the remainder of the allegations contained in paragraph 82.

83. Denies.

84. The allegations contained in paragraph 84 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

85. Defendant's responses to the allegations contained in paragraphs 1 through 84 are incorporated by reference.

86. The allegations contained in paragraph 86 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

87. Denies.

88. Denies.

89. Denies.

90. Denies.

91. Denies.

92. Denies.

93. The allegations contained in paragraph 93 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

94. Denies.

95. Denies.

96. Denies.

97. Denies.

98. Defendant's responses to the allegations contained in paragraphs 1 through 97 are incorporated by reference.

99. The allegations contained in paragraph 99 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

100. The allegations contained in paragraph 100 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

101. Admits the allegation contained in paragraph 101 that the Government acknowledged CCI's voluntary abandonment of the project on March 10, 2000; denies the remainder of the allegations contained in paragraph 101.

102. The allegations contained in paragraph 102 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

103. Denies.

104. Denies.

105. Defendant's responses to the allegations contained in paragraphs 1 through 104 are incorporated by reference.

106. Admits the allegations contained in paragraph 106 to the extent supported by the takeover agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 106.

107. Denies.

108. Denies.

109. Denies.

110. Denies.

111. Denies.

112. Denies.

113. Denies.

114. Defendant's responses to the allegations contained in paragraphs 1 through 113 are incorporated by reference.

115. The allegations contained in paragraph 115 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

116. Denies.

117. Denies.

118. Denies.

119. Denies that plaintiff is entitled to the relief requested in the “Wherefore” paragraph that follows paragraph 118 of the complaint or any relief whatsoever.

120. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 353-0527
Fax. (202) 305-2118

Attorneys for Defendant

OF COUNSEL:

Azine Farzami
Attorney Adviser
General Law Division
Office of the General Counsel
United States Department of Agriculture

May 18, 2006