**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **UNITED STATES FIDELITY & GUARANTY COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **Case No. 06-77C**<br>**(Judge Wheeler)** |

**JOINT PRELIMINARY STATUS REPORT**

**(a) Does the Court have jurisdiction over the action?**

Plaintiff states that the Court has jurisdiction over the subject matter of this action pursuant to the Tucker Act, 28 U.S.C. § 1491 and the Contract Disputes Act, 41 U.S.C. § 601 et. seq. Except, perhaps, with respect to the amendment of the parties' pleadings (paragraph L below), defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

**(b) Should the case be consolidated with any other case, and if so, why?**

The parties agree that this case should not be consolidated with any other action that is currently pending before this Court or any other court.

**(c) Should trial of liability and damages be bifurcated and, if so, why?**

The parties agree that the trial of liability and damages should not be bifurcated.

**(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

The parties agree that further proceedings should not be deferred pending consideration of another case before this Court or any other tribunal.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

The parties agree that no remand or suspension will be sought.

**(f) Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

The parties agree that no additional parties will be joined.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

After discovery is completed, the parties may submit cross motions for summary judgment pursuant to RCFC 56.

**(h) What are the relevant factual and legal issues?**

**Background:**

Without constituting an admission by either side, the parties report that this action arises out of a project involving the construction of additions and renovations to the National Plant Germplasm Quarantine Center in Beltsville, Maryland ("Project"). The Project includes the construction of a Biosafety Level 3 ("BSL-3") Greenhouse and a BSL-3 Laboratory to be used for research and containment of agricultural pathogens. The Project's BSL-3 areas were required to be constructed in accordance with Center For Disease Control ("CDC")/NIH standards for a BSL-3 containment facility. In addition to the BSL-3 facilities, the Project includes the construction of various support buildings.

The construction portion of the Project was awarded to CCI Construction, Inc. ("CCI") in the bid amount of $15,500,000. On June 16, 1998, the USDA and CCI entered into a contract ("Construction Contract") for the construction of the Project. On the same date, the United States Fidelity and Guaranty Company ("USF&G") executed a performance bond in the amount of $15,500,000 and a payment bond in the amount of $7,750,000 for the Project.

During Project performance, CCI became financially distressed and on February 22, 2000, CCI informed the USDA that it could no longer proceed under the Construction Contract. On March 10, 2000, the USDA terminated CCI for default. On April 26, 2000, USF&G entered into a takeover agreement with the USDA and subsequently engaged Alexander Constructors, Inc. ("Alexander" or "Completion Contractor") to complete construction on the Project.

**Factual and Legal Issues:**

This action involves numerous complex factual and legal issues related to the highly specialized nature of the Project and specifications for its construction. Below is a summary of the relevant issues in this action. A more exhaustive listing of the relevant factual and legal issues is set forth in USF&G's claim submitted to the USDA, the USDA's Final Decisions, and USF&G's Complaint.

1. Whether the commissioning services required by the Construction Contract were performed and implemented, the extent to which any such tasks were performed and implemented improperly, and whether the Government breached the

Construction Contract or impaired USF&G's risk and its rights as surety by failing to provide and implement commissioning services required by the Construction Contract.

2. Whether the HVAC system designed for the Project was capable of achieving the USDA's performance requirements for temperature and pressure.

3. Whether the USDA properly interpreted the specifications for leakage rate standards set forth for ductwork set forth in the Construction Contract and tested ductwork to more stringent standards than required by the specifications.

4. Whether the USDA failed to conduct testing and inspections of the BSL-3 areas of the Project required by the Construction Contract, and whether the Government breached the Construction Contract or impaired USF&G's risk and its rights as surety by failing to conduct such testing and inspections.

5. Whether the USDA overpaid CCI relative to the amount of Project work CCI properly performed, and whether the Government impaired USF&G's risk and its rights as surety by overpaying CCI in relation to the work CCI properly performed.

6. Whether certain work that the USDA directed USF&G to perform was properly characterized as warranty work, and whether USF&G is liable for the cost of such work.

7. Whether certain charges that USDA has assessed against USF&G are the product of: (1) the USDA's alleged failure to contract for commissioning services required by the Construction Contract; (2) delays attributable to the USDA and its architect and commissioning agent; or (3) contract modifications issued by the USDA to address alleged design deficiencies on the Project, and whether USF&G is liable for such charges.

8. Whether the Government impaired USF&G's risk and its rights as surety by failing to retain an independent commissioning agent.

9. Whether the Government impaired USF&G's risk and its rights as surety by failing to exercise reasonable discretion in the timing of its termination of CCI.

10. Whether the Government breached any implied warranty of specifications by providing defective design specifications for the HVAC system in the BSL-3 areas of the Project.

11. Whether the Government breached the Construction Contract by directing USF&G to re-excavate and replace the functional slip-lined sanitary sewer system after agreeing to slip-lining as a remedial measure.

12. Whether the Government breached the Construction Contract by withholding approximately $1,270,515.94 in contract balance from USF&G.

13. Whether, assuming the Government breached the Construction Contract or impaired USF&G's risk and its rights as surety, USF&G is entitled to any recovery.

**(i) What is the likelihood of settlement? Is alternate dispute resolution contemplated?**

The parties anticipate pursuing settlement negotiations on an informal basis as the litigation progresses.

**(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling, and if so, why? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, the case can be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought.**

**The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on this subject.**

After discovery, the parties may submit cross motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they do not result in the complete disposition of this action, and if the parties are unable to reach a settlement agreement, the parties anticipate proceeding to trial in Washington, D.C. The parties do not request expedited trial scheduling.

**(k) Are there special issues regarding electronic case management needs?**

The parties have no special issues regarding electronic case management needs.

**(l) Is there other information of which the Court should be aware at this time?**

On June 5, 2006, the Contracting Officer issued a Final Decision seeking to recover $1,632,290.70 upon behalf of the Government for work allegedly not performed on the Project. The USDA has withheld $1,270,515.94 from USF&G in Contract balances. The Contracting Officer's Final Decision seeks to collect the $361,674.79 difference between the Government's claim and the amount of the Contract balance withheld. The parties agree that these matters should be included in this litigation and are considering what pleadings are necessary to do so.

**PROPOSED DISCOVERY PLAN**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | August 14, 2006 |
| Plaintiff's Expert Report Due: | February 15, 2006 |

Defendant's Expert Report Due: March 15, 2006

Close of Discovery: July 30, 2007

To further the possibility of settlement, the parties have proposed early deadlines for expert reports relative to the close of discovery. For this reason, the parties have proposed that fact and expert discovery remain open until the proposed July 30, 2007 close of discovery date.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Christopher J. Brasco
CHRISTOPHER J. BRASCO
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102-5104
Tel. (703) 749-1000
Fax (703) 893-8039

Attorneys for Plaintiff

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 353-0527
Fax (202) 305-2118

Attorneys for Defendant

July 10, 2006