**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **UNITED STATES FIDELITY & GUARANTY COMPANY** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-77C** |
| | ) | **(Judge Wheeler)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S SUPPLEMENTAL COMPLAINT**

Plaintiff United States Fidelity and Guaranty Company ("USF&G"), by counsel, and pursuant to this Court's Scheduling Order, hereby files this Supplemental Complaint in accordance with RCFC 15(d) in order to supplement the allegations in its Complaint to account for an event that has occurred since the date USF&G filed its Complaint, and states as follows:

**PARTIES**

1. USF&G is a Maryland corporation that is generally engaged in the business of providing surety bonds in Maryland and throughout the Country.

2. Defendant is the United States of America (the "Government").

3. The Parties to this Supplemental Pleading are the same Parties involved in the above-captioned action.

**JURISDICTION**

4. The Court has jurisdiction over the subject matter of this Supplemental Pleading pursuant to the Contract Disputes Act, 41 U.S.C. § 601, et. seq. and the Tucker Act, 28 U.S.C. § 1491.

5. In accordance with 41 U.S.C. § 609, USF&G hereby files the instant Supplemental Pleading to put the Contracting Officer's June 5, 2006 Final Decision at issue in this action within twelve (12) months of its receipt of the Contracting Officer's Final Decision.

**BACKGROUND**

6. On or about January 31, 2006, USF&G filed a Complaint to the United States Court of Federal Claims to initiate this action.

7. On or about May 18, 2006, Defendant filed an Answer in this action.

8. On or about June 9, 2006, Plaintiff received a second Contracting Officer's Final Decision from the United States Department of Agriculture ("Government") arising out of the Germplasm Project (the "Project"), the Project at issue in this action. The second Final Decision is dated June 5, 2005 (the "June 5, 2006 Final Decision").

9. By her June 5, 2006 Final Decision, the Contracting Officer asserted a Government claim against Plaintiff in the amount of $1,632,290.70, for alleged actual damages suffered by the Government resulting from USF&G's alleged failure to take action on Project work orders.

10. The Government has withheld from Plaintiff $1,270,515.94 in retained contract balance to set off against its alleged actual damages caused by USF&G's alleged non-performance of certain Contract work and the Government has demanded in its final decision that Plaintiff pay to the Government the difference between the amount of the

Government claim and the amount of retained contract balance, which totals $361,674.79.

**COUNT V**
(Breach of Contract)

11. The allegations contained in paragraphs 1-10 of this Supplemental Pleading and the allegations contained in paragraphs 1-118 of Plaintiff's January 31, 2006 Complaint are incorporated herein by reference.

12. The takeover agreement between USF&G and the Government provides that USF&G is "entitled to all rights, title and interests of [the original prime contractor, CCI] in and to the [Construction Contract between CCI and the USDA] in all respects as if [Plaintiff] were the original party to the [Construction Contract]."

13. The Government has withheld and continues to withhold from USF&G contract balance funds in the amount of $1,270,515.94.

14. USF&G is not liable to the Government for the Government's alleged damages for numerous reasons including: (1) work alleged to have not been performed by USF&G is outside of the scope of the Construction Contract and/or Takeover Agreement; (2) the Government's alleged damages are the result of the Government's failure to deliver Contractually promised commissioning services; and/or (3) the Government's damages are the result of its defective Project designs and specifications.

15. The Contract balance funds in the amount of $1,270,515.94 are due and owing from the Government to USF&G under the Takeover Agreement and/or the Construction Contract.

16. The Government has breached the Takeover Agreement and/or the Construction Contract by wrongfully withholding $1,270,515.94 in Contract balance funds to offset alleged actual damages for which USF&G is not responsible.

17. USF&G has suffered losses in the amount of $1,270,515.94 caused by the Government's wrongful withholding of the Contract balance funds.

WHEREFORE, Plaintiff, USF&G, respectfully requests that judgment be entered against the Government on Count V in the amount of $1,270,515.94, plus interest and costs and any other relief this Court deems appropriate and that judgment be entered against the Government on all Counts in the total amount of $7,050,088, plus interest and costs and any other relief this Court deems appropriate.

**COUNT VI**
(Declaratory Judgment)

18. The allegations contained in paragraphs 1-17 of this Supplemental Pleading and the allegations contained in paragraphs 1-118 of Plaintiff's January 31, 2006 Complaint are incorporated herein by reference.

19. The Contracting Officer's June 5, 2006 Final Decision set forth a Government demand for payment by USF&G in the amount of $361,674.79, representing the difference between the total amount of the Government's alleged damages ($1,632,290.70) and the amount of contract balance funds being withheld by the Government ($1,270,515.94).

20. USF&G is not liable to the Government for the Government's alleged damages for numerous reasons including: (1) work alleged to have not been performed by USF&G is outside of the scope of the Construction Contract and/or Takeover Agreement; (2) the Government's alleged damages are the result of the Government's

failure to deliver contractually promised commissioning services; and/or (3) the Government's damages are the result of its defective designs and specifications.

21. As USF&G is not liable for the Government's alleged damages asserted in the Contracting Officer's June 5, 2006 Final Decision, the Government is not entitled to payment from USF&G.

22. All of the salient facts establishing a right to declaratory relief have occurred as the Government has asserted a claim against USF&G and has made a demand for payment against USF&G.

23. USF&G's request for a declaratory judgment on the Government's Final Decision demanding payment from USF&G is incidental to and arises out of the same transaction and facts as USF&G's primary claim for monetary damages that is the subject of this action.

24. In accordance with the Contact Disputes Act and the Tucker Act, declaratory relief is proper in this case as USF&G's claim for a declaratory judgment involves a dispute on which a Contracting Officer has issued a final decision under 41 U.S.C. § 605.

25. Declaratory relief is proper in this case as it will allow the Parties to avoid duplicative litigation in this or another forum and will afford complete relief in this controversy between USF&G and the Government.

WHEREFORE, Plaintiff, USF&G respectfully requests that the Court declare the following:

i. USF&G is not liable for the alleged damages asserted in the Contracting Officer's June 5, 2006 Final Decision.

ii. The Government is not entitled to payment in the amount of $361,674.79 or in any amount from USF&G related to the Germplasm Project.

iii. The Government has no right to withhold or setoff any monies owed by the Government to USF&G and/or its related entities, on this Project or any other project or under any other contract, to satisfy the Government's improper June 5, 2006 demand for payment.

Plaintiff respectfully requests that this Court grant any other relief that this Court deems appropriate.

Dated: August 15, 2006

Respectfully Submitted,

/s/ Christopher J. Brasco
CHRISTOPHER J. BRASCO
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, VA 22102
Tel: (703) 749-1000
Fax: (703) 893-8029
Counsel for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2006, a copy of Plaintiff's Supplemental Complaint was filed electronically. I understand that notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Christopher J. Brasco