IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES FIDELITY & GUARANTY COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-77C (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO SUPPLEMENTAL COMPLAINT AND COUNTERCLAIM

For its answer to the supplemental complaint, defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. Admits.

4. The allegations contained in paragraph 4 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegation contained in paragraph 5 that the contracting officer issued a final decision dated June 5, 2006; the remainder of the allegations contained in paragraph 5 constitute conclusions of law and plaintiff’s characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits.

7. Admits.

8. Admits that the contracting officer issued a final decision dated June 5, 2006; denies the remaining allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits the allegations contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegation contained in paragraph 10 that the Government withheld the amount of $1,270,515.94 in retained contract balance and demanded payment of $361,674.79, which is the difference between the Government's claim and the amount of retained contract balance; admits the remainder of the allegations contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 10.

11. Defendant's responses to the allegations contained in paragraphs 1-10 of plaintiff's Supplemental Complaint, as well as the defendant's responses to the allegations contained in paragraphs 1-118 of plaintiff's Complaint are incorporated herein by reference.

12. Admits the allegations contained in paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits.

14. The allegations contained in paragraph 14 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies.

17. The allegations contained in paragraph 17 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph that follows paragraph 17 of the Supplemental Complaint or any relief whatsoever.

18. Defendant's responses to the allegations contained in paragraphs 1-17 of plaintiff's Supplemental Complaint, as well as the defendant's responses to the allegations contained in paragraphs 1-118 of plaintiff's Complaint are incorporated herein by reference.

19. Admits the allegations contained in paragraph 19 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute conclusions of law, to which

no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph that follows paragraph 25 of the supplemental complaint or any relief whatsoever.

26. Denies each and every allegation not previously admitted or otherwise qualified.

COUNTERCLAIM

27. On June 16, 1998, the United States Department of Agriculture, Animal Health Inspection and Plant Service ("APHIS") and CCI Construction Co., Inc. ("CCI") entered into Contract No. 50-32KW-8-004 ("Construction Contract") to construct Phases I and II of the National Plant Germplasm Quarantine Center in Beltsville, Maryland ("Project").

28. APHIS hired the architect-engineering firm of Ellerbe Becket to design the Project. APHIS subsequently modified Ellerbe Becket's contract to include contracting officer's representative ("COR") services and commissioning services for the Project. Ellerbe Becket, in turn, hired the firm of Olssen Associates ("Olssen") to perform commissioning services.

29. In conjunction with CCI's performance of the Construction Contract, on June 16, 1998, plaintiff issued a performance bond in the amount of $15,500,00 and a payment bond in the amount of $7,750,000.

30. Following CCI's notice that it was voluntarily abandoning the project, APHIS

terminated the Construction Contract for default on March 10, 2000.

31. On April 26, 2000, plaintiff and APHIS entered into a takeover agreement. Pursuant to the takeover agreement, plaintiff agreed to perform "each and every one of the terms, convenants, and conditions of the [Construction] Contract, through its completion contractor, including all modifications thereto, to be completed , and agrees to be bound by the [Construction] Contract."

32. On April 26, 2000, plaintiff entered into a contract ("Completion Contract") with Alexander Constructors, Inc. ("Alexander") to complete CCI's scope of work under the Construction Contract.

33. Plaintiff breached the Construction Contract by failing to complete certain project work orders, by producing defective work, and by failing to comply with the project commissioning schedule. As a result of this breach, APHIS took action to correct deficiencies, and to complete omitted work orders, thereby incurring significant delays and damages to complete the project.

34. Among other things, plaintiff failed to perform the following:

a. failed to correctly install the heating, ventilating and air-conditioning ("HVAC") system, and specifically Chillers 1 and 2, resulting in equipment malfunction which APHIS had to repair at its expense.

b. failed to correctly install seals in the air handling unit in the basement of the high security laboratory, resulting in air leaks which APHIS had to repair at its expense.

c. failed to correctly install and test the air ventilation system, causing APHIS to repeat, at its expense, functional tests for exhaust fan 2 and plenum fan 14.

d. failed to correctly install a variable air volume controller, a hot water pump seal in pump P-1-C, in boiler room SF-142, and exhaust fan 33, resulting in equipment damage which APHIS had to repair at its expense.

e. failed to repair damaged sewer pipes in the high security greenhouse, resulting in a water infiltration problem in that structure, which APHIS had to repair at its expense.

f. failed to apply an epoxy biocontainment barrier on a hidden, recessed section in the basement of the high security greenhouse, a task which APHIS had to complete at its expense.

g. submitted deficient "as-built" architectural drawings, which APHIS had to correct at its expense.

h. failed to prepare a complete control system code and failed to submit complete pre-functional protocols, causing APHIS to finish these tasks at its expense.

I. failed to prepare high security systems for commissioning, resulting in delay to the commissioning schedule, and APHIS incurring additional expenses to prepare and re-submit control system documentation.

35. As a result of plaintiff's failure to perform and resulting delays, APHIS incurred:

a. additional expenses for commissioning and testing services, pursuant to issuing Modifications 15-41 to its contract with Ellerbe Becket.

b. additional expenses to correct defective work and to prepare systems for commissioning, caused by plaintiff's failure to comply with the commissioning schedule, pursuant to issuing Modifications 44 and 45 to its contract with Ellerbe Becket.

c. additional expenses for gas and electricity usage.

d. additional travel and per diem expenses.

36. On June 5, 2006, APHIS's contracting officer issued a final decision, concluding that plaintiff was liable to defendant in the amount of $1,632,290.70. Defendant has withheld the amount of $1,270,515.94 in retained contract balance. Pursuant to FAR 32.610, the contracting officer demanded payment of $361,674.79, which is the difference between defendant's claim and the amount of retained contract balance. In accordance with FAR 32.610, the contracting officer notified plaintiff that any amount of the $361,674.79 not paid within 30 days of the date of this demand will bear interest from the date of the demand. The contracting officer also notified plaintiff that it may submit a proposal for deferment of collection if immediate payment is not practicable, or if plaintiff disputes the amount. The total damage amount of $1,632,290.70 reflects costs incurred by defendant to correct defective work, to complete project work orders which plaintiff failed to perform, and to complete the commissioning of the project necessitated by plaintiff's failure to comply with the commissioning schedule.

37. Over 30 days have expired since the United States demanded that plaintiff pay $361,674.79. Plaintiff has not paid any of this amount to the United States, and has not requested deferral of payment.

38. Plaintiff is liable to the United States in the amount of $1,632,290.70, plus interest on the specific amount of $361,674.79 due to the United States, as reflected in the June 5, 2006 final decision.

WHEREFORE, the United States requests that the Court: enter judgment in its favor in the amount of $1,632,290.79; declare that defendant is entitled to retain the contract balance of

$1,270,515.94; declare that plaintiff must pay defendant an additional $361,674.789 plus interest, pursuant to FAR 32.610; dismiss the supplemental complaint and the complaint; and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Joseph A. Pixley
JOSEPH A. PIXLEY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit 8th Floor
Washington, DC 20530
Tel. (202) 307-0843
Fax. (202) 307-0972

September 14, 2006

Attorneys for Defendant

Certificate of Filing

I hereby certify that on September14, 2006, a copy of the foregoing "Defendant's Answer To Supplemental Complaint And Counterclaim" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley