**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **UNITED STATES FIDELITY & GUARANTY COMPANY**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **Case No. 06-77C**<br>**(Judge Wheeler)** |

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME FOR SUBMISSION OF EXPERT REPORTS AND COMPLETION OF FACT DISCOVERY**

Plaintiff United States Fidelity and Guaranty Company, USF&G, hereby respectfully moves this Court to extend (1) the date by which Plaintiff's expert report is due, by approximately nine months, from February 15, 2007 until November 15, 2007; (2) the date by which Defendant's expert report is due, by approximately nine months, from March 15, 2007 until December 15, 2007; and (3) the date by which all fact discovery is to be completed, by approximately nine months, from July 30, 2007 until May 1, 2008. The grounds for this motion are as follows:

1. The Parties have not been able to exchange a substantial amount of project documents due to several circumstances that were unknown to the parties during the initial scheduling conference with the Court. In an effort to ease the burden on the various non-parties that have substantial involvement in the case and possess substantial amounts of relevant documents and to facilitate the exchange of documents, the Parties agreed to make all efforts to produce the documents of related non-parties. This effort to exchange

non-party documents outside of the subpoena process has involved an extensive search for project records and the collection and copying of documents from storage facilities in various areas of the country and has been complicated by the bankrupt status of several of the non-parties. USF&G was required to coordinate with the project completion contractor's bankruptcy counsel and the bankruptcy estate in order to obtain project documents belonging to the estate, a process that has taken several months. USF&G has only recently acquired these documents and is in the process of reviewing them in preparation for production. In addition, USF&G it is still coordinating with several project subcontractors located in various states to obtain copies of their project documents.

2. The Parties originally agreed to exchange documents electronically to reduce the costs for both Parties, but the Government has since discovered that due to the large amount of Project records, it would be prohibitively expensive to produce all of its documents and those of its non-party agents electronically. As such, the Parties both intend to travel to certain Government facilities to perform a manual review of Project documents. The Government estimates that it has at least 40 boxes of responsive project documents and it is the Government's understanding that its project architect/engineer and its subconsultants have at least 80 additional boxes of project documents. Due to the fact that many of the documents are duplicative and consist of oversized project drawings, the parties are cooperating to reduce costs through the avoidance of unnecessary and duplicative copying and production.

USF&G has recently shipped to the Government, in electronic form, 20 boxes of responsive project documents of its own, and has gathered an additional 25 boxes of

documents from the completion contractor that will be produced in the near term. As stated above, USF&G is coordinating with key subcontractors to gather substantial additional amounts of project documents from those subcontractors.

3. The Government has some concerns that there may be classified USDA documents related to germ warfare and other subjects indiscriminately mixed in with documents related to the construction project at issue in this case. The Government's ongoing investigation of this issue has impacted the Government's ability to produce relevant documents.

4. The Parties' discovery efforts have been complicated by procedural issues that have arisen in this action. After Plaintiff filed its Complaint in this matter, the United States Department of Agriculture ("USDA"), the agency at issue in this case, issued a second final decision asserting an affirmative claim against USF&G arising out of the same facts and circumstances that are the subject of this case. As a result, USF&G was required to file a Supplemental Complaint under Rule 15(d) of the Rules of the United States Court of Federal Claims in order to join the issues contained in the USDA's second final decision to this litigation under the Contracts Disputes Act and/or the Tucker Act. The Government sought and received an extension of time in which to submit an Answer to USF&G's Supplemental Complaint. As such, issue was not joined until mid-September 2006. Out of an abundance of caution, the parties did not engage in discovery until the Government filed its Answer to USF&G's Supplemental Complaint.

5. The Parties have agreed to make a good faith effort to resolve this case amicably through a settlement, but due to the problems the Parties have encountered in exchanging documents, the current Scheduling Order would restrict the Parties' ability to

gain an appropriate understanding of the opposing party's claims and defenses and to engage in meaningful settlement discussions prior to trial.

The parties anticipate being able to exchange a large percentage of project documents prior to the end of January 2007. Counsel for the Government has consented to Plaintiff's motion and agrees that Plaintiff's requested extension would serve the interests of both Parties and the interests of justice. The Court has not previously extended the time for submission of expert reports or the completion of fact discovery.

WHEREFORE, Plaintiff USF&G respectfully requests that this Unopposed Motion for the Extension of Time for Submission of Expert Reports and Completion of Fact Discovery be granted.

Dated this 12th day of January 2007.

Respectfully Submitted,

/s/ Christopher J. Brasco
CHRISTOPHER J. BRASCO
Watt, Tieder, Hoffar &
Fitzgerald, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, VA 22102
Tel: (703) 749-1000
Fax: (703) 893-8029
Counsel for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2007, a copy of Plaintiff's Unopposed Motion for the Extension of Time for Submission of Expert Reports and Completion of Fact Discovery was filed electronically. I understand that notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Christopher J. Brasco